**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 24, 2024

LETTER TO COUNSEL

      RE:    *Caressa S. v. Commissioner, Social Security Administration*
             Civil No. SAG-23-1906

Dear Counsel:

On July 17, 2023, Plaintiff Caressa S. petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claims for benefits. ECF No. 1. Having reviewed the parties' briefs (ECF Nos. 11, 13, 16) and the administrative record (ECF No. 8), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). My review is limited to determining whether the SSA's decision is supported by substantial evidence and whether the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under those standards, I will reverse the SSA's decision and remand this case to the SSA. This letter explains my rationale.

## I.    PROCEDURAL BACKGROUND

Plaintiff protectively filed a disability insurance benefits ("DIB") claim on June 21, 2017, alleging disability as of July 8, 2015. Tr. 566. The claim was denied initially and on reconsideration. Tr. 91–94, 96–97. Plaintiff protectively filed a claim for supplemental security income ("SSI") benefits on October 1, 2018, alleging the same disability onset date. Tr. 172, 566. That claim was denied initially and escalated to the hearing level for decision. Tr. 13, 602–06. On August 22, 2019, an Administrative Law Judge ("ALJ") held a hearing on both claims. Tr. 31–71. On September 4, 2019, the ALJ found that Plaintiff was not disabled under the Social Security Act.[1] Tr. 10–30. After the Appeals Council denied review, Tr. 1–6, Plaintiff appealed to this Court, Tr. 584–94, which remanded Plaintiff's case to the SSA, Tr. 599. After another hearing, an ALJ found that Plaintiff was not disabled. Tr. 497–519. That decision is subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.984(d), 416.1484(d).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

---

[1] 42 U.S.C. §§ 301 et seq.

The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since July 8, 2015, the alleged onset date." Tr. 503. At step two, the ALJ found that Plaintiff "has the following severe impairments: "obesity, depression/bipolar disorder, anxiety, and post-traumatic stress disorder." *Id*. The ALJ found that Plaintiff's hepatitis C, chronic liver disease, history of drug abuse, and history of alcohol abuse were non-severe. Tr. 504. At step three, the ALJ found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment. Tr. 505. The ALJ then found that Plaintiff has the residual functional capacity[2] ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to understand and carry out simple instructions and routine, repetitive tasks. The claimant needs to avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where coworkers are side-by-side and the work of one affects the work of the others, or where each job task must be completed within strict time periods). The claimant is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. The claimant is occasionally able to change activities or work settings during the workday without being disruptive. The claimant is occasionally able to deal with changes in a routine work setting. The claimant is able to have occasional interaction with supervisors, coworkers, and/or the general public.

Tr. 507. The ALJ concluded that Plaintiff was not disabled because she had no past relevant work but could perform jobs existing in significant numbers in the national economy. Tr. 511–12.

### III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is evidence that "a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In

---

[2] A claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

## IV.   ANALYSIS

Plaintiff argues that the RFC assessment is not supported by substantial evidence. ECF No. 11 at 7. Specifically, she contends that the ALJ failed to explain how an "impaired capacity to maintain concentration, persistence, or pace[] could be accommodated with the chosen RFC limitations." *Id.* at 14. She also argues that the ALJ "materially erred by failing to acknowledge or even investigate the effect of her moderate limitations on her ability to remain on task in a work environment." *Id.* at 13. Defendant counters that "[t]he ALJ's comprehensive RFC finding amply accounted for Plaintiff's established functional limitations[.]" ECF No. 13 at 12.

Social Security Ruling ("SSR") 96-8p directs ALJs to assess claimants' "work-related limitations and restrictions" on a function-by-function basis and explains that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374174, at *6–7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source," the ALJ must "explain why the opinion was not adopted." *Id.* at *7.

Having carefully reviewed the record, the Court finds that the ALJ erred when assessing RFC. In evaluating the medical evidence of record, the ALJ found that the mental RFC assessment completed by Dr. Ewell was "persuasive." Tr. 509. Dr. Ewell opined that Plaintiff's ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" was moderately limited. Tr. 560. However, the ALJ concluded in the RFC assessment that Plaintiff's distractibility, which she experiences after working for up to two hours, can be accommodated by "normal breaks." Tr. 507. The ALJ did not explain why they chose to reject limitations set forth in Dr. Ewell's otherwise "persuasive" opinion. Tr. 509. Nor did the ALJ explain how the evidence supports the conclusion that Plaintiff's impairments do not warrant the provision of additional breaks. Consequently, the ALJ failed to conform the RFC assessment to SSR 96-8p's directives. SSR 96-8p, 1996 WL 374174, at *7.

Whether Dr. Ewell's opinion concerning Plaintiff's need for an unreasonable number of breaks warrants a corresponding limitation in the RFC is material to the outcome of this case. During the hearing, the vocational expert testified that an employee who was consistently off-task for ten percent of the workday would not be able to sustain employment. Tr. 549. Because it is therefore conceivable that the outcome of this case may differ upon an evaluation of Plaintiff's RFC that comports with the relevant legal standards, remand is warranted. *See Kersey v. Astrue*, 614 F. Supp. 2d 679, 696 (W.D. Va. 2009). In remanding, the Court expresses no opinion as to whether Plaintiff is entitled to benefits.

*Caressa S. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1906
April 24, 2024
Page 4

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge